UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DWIGHT WOOLEY,** | ) |
| | ) |
|    **Claimant,** | ) |
| | ) |
| vs. | )   **Case No. CV-12-S-0575-S** |
| | ) |
| **MICHAEL J. ASTRUE,** Commissioner, Social Security Administration, | ) ) ) |
| | ) |
|    **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant, Dwight Wooley, commenced this action on February 16, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly substituted his medical judgment for that of claimant's treating physicians, improperly determined claimant's residual functional capacity, and improperly evaluated claimant's subjective complaints of pain and other symptoms. Upon review of the record, the court concludes that these contentions lack merit, and that the Commissioner's ruling is due to be affirmed.

**A.     Treating Physicians**

Claimant first argues that the ALJ erred by substituting his own medical judgment for that of claimant's treating physicians. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner."

20 C.F.R. § 416.927(e).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Mike Moates, claimant's treating physician at the Department of Veterans Affairs ("VA") Medical Center, drafted a "To Whom it May Concern" letter on September 15, 2010, stating:

> I have been involved in the care of Mr. Dwight Wooley at the Birmingham VA Medical Center, and I treat him for the following medical conditions:
>
> Gouty arthritis of knees and feet
>
> Degenerative arthritis of the back
>
> Neuropathic pain in leg related to back arthritis.

>    Due to pain in the back and knees, he has been unable to return to work since 2009. He is on several medications for the above problems. In addition, he is undergoing regular physical therapy to improve his functional status.
>
>    Please take this under advisement when considering him for any form of disability compensation.[1]

This letter appears to have been created in response to a letter claimant received from Alabama Power, his utility provider, on September 3, 210. Alabama Power informed claimant that it needed additional certification of his right to continued receipt of a "Life Support Equipment designation" at his residence. The power company directed claimant to complete an application form and a medical release, and informed him that it would contact his treating physician to obtain a certification signature.[2]

The ALJ acknowledged Dr. Moates's letter, but afforded it only little weight for three reasons. First, the ALJ correctly pointed out that the decision whether claimant retained the ability to work is reserved to the Commissioner. *See* 20 C.F.R. § 416.927(e). Second, the ALJ appropriately noted that Dr. Moates's letter apparently was directed to a utility provider as part of claimant's attempt to renew his "Life Support Equipment" status. There is no explanation of how Alabama Power decides to grant Life Support Equipment status, and no indication in the record that, whatever the process entails, it has any bearing on the determination of claimant's

---

[1] Tr. 822.
[2] Tr. 821.

disability status. Third, the ALJ found that Dr. Moates' statements regarding claimant's disability were inconsistent with his own findings and records. All of those were legitimate reasons for assigning less weight to Dr. Moates's opinion, and the ALJ's findings were supported by substantial evidence. Furthermore, contrary to claimant's assertion, the ALJ did not ignore large portions of Dr. Moates's records. To the contrary, the ALJ thoroughly discussed *all* of Dr. Moates's records, as well as all of the other medical evidence in the record.

Claimant also asserts that the ALJ substituted his own opinions for those of the treating physicians because he rejected Dr. Moates's statements about claimant's inability to work even though there was no medical evidence in the record to contradict it. That assertion is unfounded, because, as the ALJ stated, it was Dr. Moates's own records that contradicted his conclusory statement about claimant's inability to work.

**B.    Residual Functional Capacity**

Claimant next asserts that the ALJ improperly determined his residual functional capacity. Claimant's argument in this regard is essentially a continuation of the argument addressed in the first section. Claimant asserts that, because the ALJ improperly rejected Dr. Moates' statement that he is unable to work, there was no substantial evidence remaining in the record to support the ALJ's residual functional

capacity finding. Because this court has already found that the ALJ did not err in rejecting Dr. Moates's opinion, claimant's argument is not persuasive.

Claimant also asserts that the ALJ's RFC finding was incomplete because, when posing the hypothetical question to the vocational expert ("VE") during the administrative hearing, the ALJ did not mention claimant's headaches, fatigue, parasthesia in the upper and lower extremities, or obesity. While it is true that the ALJ's hypothetical question to the VE should encompass all of the claimant's impairments, *see Jones v. Apfel,* 190 F.3d 1224, 1229 (11th Cir. 1999), it is not necessary that the ALJ specifically mention each medical condition or symptom from which the claimant suffers. Instead, the ALJ must pose a hypothetical question that takes into account the *functional effect* of each the claimant's impairments. Here, the ALJ's limitations of light work; standing, walking, and sitting for only two hours at a time; only occasionally bending, climbing, and stooping; no pushing and pulling with the lower extremities; no driving or working at unprotected heights; and working in a temperature-controlled environment account for the conditions alleged by claimant.

The court also is not persuaded by claimant's assertion that the ALJ failed to fully develop the record because he did not obtain an additional residual functional capacity evaluation from one of claimant's physicians or from a consultative

examiner.  It is true that the ALJ

> has an obligation to develop a full and fair record, even if the claimant is represented by counsel.  *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981).  The ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision. Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

*Nation v. Barnhart,* 153 F. App'x 597, 598 (11th Cir. 2005) (emphasis supplied). Furthermore, claimant bears the ultimate burden of producing evidence to support his disability claim.  *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)).  The court concludes that the record in this case was sufficient, even absent any additional functional capacity evaluations from treating or examining sources, for the ALJ to arrive at an informed decision.  Indeed, the record was ample, consisting of more than 700 pages medical records, and the ALJ thoroughly reviewed and summarized all of that evidence.

> Finally, claimant asserts that, given

> the nature of [his] underlying impairments, including obstructive sleep apnea syndrome, chronic insomnia, and the fact that he takes sixteen different prescription medications, including narcotic analgesics, and given his extensive testimony of his propensity to fall asleep unexpectedly while sitting, it is inconceivable that these conditions and the fatigue and mental confusion associated therewith have no effect

7

>  whatsoever on his ability to perform non-exertional work-related functions. Therefore, it is obvious that the ALJ's RFC determination in this case is fatally flawed. For this reason as well, this case should be reversed.[3]

This argument also fails. While it cannot be disputed that claimant suffers from a number of medical conditions, the mere existence of those conditions is not sufficient to support a finding of disability. Instead, the relevant consideration is the effect of claimant's impairment, or combination of impairments, on his ability to perform substantial gainful work activities. *See* 20 C.F.R. § 404.1505 (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)). Moreover, the ALJ did not find that claimant's medical conditions had "no effect whatsoever" on his ability to do work. Instead, the ALJ took all of claimant's conditions into consideration when determining that claimant was able to perform a limited range of light work.

    In summary, this court finds that the ALJ's residual functional capacity finding

---

[3] Doc. no. 8 (claimant's brief), at 18.

was supported by substantial evidence. None of claimant's arguments to the contrary are persuasive.

**C.    Pain**

Claimant also asserts that the ALJ improperly considered his subjective complaints of pain, fatigue, headaches, drowsiness, and mental confusion. To demonstrate that pain or another subjective symptom renders him disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ applied this standard in drafting his administrative opinion, stating that,

> although the evidence establishes underlying medical conditions capable of producing *some* pain and limitations, substantial evidence does not confirm disabling pain or other limitations arising from the claimant's alleged impairments and the claimant's alleged inability to perform all substantial gainful activities is simply not corroborated by the evidence of record.  Giving the claimant the benefit of the doubt, the undersigned finds no reason that the claimant cannot perform work activity as defined in the residual functional capacity.[4]

The ALJ also stated that "claimant's medically determinable impairments could reasonably be expected to cause some pain, anxiety and other limitations, however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible to the extent they are inconsistent with the above residual functional capacity assessment."[5]  To support these conclusions, the ALJ reasoned that "the claimant simply alleges a greater degree of disability than the overall medical evidence can substantiate."[6]  He noted that claimant's medical records did not consistently reveal complaints of pain at the severe level, and that recent records indicated that claimant's pain was only moderate.  Moreover, claimant's physicians encouraged him to participate in physical therapy and other physical activity despite his pain, and claimant himself reported that he feels much better when

---

[4] Tr. 34.
[5] Tr. 33.
[6] *Id.*

he is active. The ALJ also relied upon the effectiveness of pain medication and the lack of objective medical or clinical findings in the record to support claimant's allegations.[7] All of these were proper considerations for the ALJ to take into account when evaluating the credibility of claimant's subjective complaints, and the court concludes that the ALJ's decisions were supported by substantial evidence.

**D.     Conclusion and Order**

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 8th day of November, 2012.

　　　　　　　　　　　　　　　　　　　　　／s／ Lynwood Smith
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[7] *Id.*